## Powel's Assigned Estate.

*Auditors—Auditor's findings of fact—Assignment for creditors.*

An auditor's findings of fact relating to compensation of an assignee for the benefit of creditors, based upon sufficient evidence, and confirmed by the court below, will not be disturbed by the appellate court, without convincing evidence of error.

Argued, Jan. 11, 1904. Appeal, No. 152, Jan. T., 1903, by the Importers' and Traders' National Bank of New York, from order of C. P. No. 3, Phila. Co., June T., 1887, No. 796, dismissing exceptions to auditor's report in In re Assigned Estate of Robert Hare Powel & Company and Robert Hare Powel's Sons & Company. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Affirmed.

Exceptions to report of Hampton L. Carson, Esq., auditor. The opinion of the Supreme Court states the case.

*Error assigned* was in dismissing exceptions to auditor's report.

*James W. M. Newlin*, for appellants.

*Frank P. Prichard*, with him *John G. Johnson*, for appellee.

PER CURIAM, April 11, 1904:
The whole subject of the prolonged litigation, of which this

is the latest outcrop, was carefully considered, discussed and disposed of by this court in Powel's Assigned Estate, 163 Pa. 349. The only point left open by that adjudication was the disputed compensation of the assignee. This has since been taken up by the auditor and disposed of. It is admitted that vouchers were presented for the credits claimed, and no evidence has been shown to us from which any inference can be drawn that the vouchers did not set forth fully the services rendered, or that the auditor was in error in any of his findings. After they have been fully considered and sustained by the court below they would not be disturbed here without convincing evidence of error.

The prolonged and acrimonious litigation has led to antagonism between counsel, but we find nothing in the record which calls for our interposition. The appellant's motion to suppress appellee's paper-book is therefore dismissed, and the decree of the court below is affirmed at the costs of the appellant.