# Powel's Estate.

*Practice, Supreme Court—Mandamus to common pleas—Dismissal of auditor.*

The Supreme Court will not entertain an original petition for a mandamus to a court of common pleas to vacate an order made by it discharging a rule to show cause why an auditor should not be dismissed, and to order a trial in open court of petitioner's complaint.

There is no mandamus to a court what to decide. If a court is evading its duty by refusing or neglecting to proceed, the Supreme Court may command it to hear and determine the case, but what the decision shall be cannot be commanded beforehand, or reviewed afterward by a mandamus.

If an auditor is acting wrongly, whether by intention or mere error of judgment, the regular and proper remedy is by exception to his report on which the court can act in due and regular course. A motion to discharge the auditor for illegal conduct is exceptional, and is addressed to the dis-

cretion of the court in its inherent power of control over all its officers and their  proceedings.

In Pennsylvania the right of a jury trial on collateral issues raised before an auditor in the distribution of a fund in court depends entirely on statute and is allowed only in certain specified cases.

Motion for mandamus.    Motion Docket, S. C. January Term, 1904.

*J. W. M. Newlin,* for petition.

OPINION BY MR. CHIEF JUSTICE MITCHELL, April 18, 1904:

This is an original petition filed in this court for a mandamus to the court of common pleas No. 3, of Philadelphia county, to vacate an order made by it discharging a rule to show cause why an auditor should not be dismissed, and to order a trial in open court of petitioner's complaint.

This is a branch of a long protracted, expensive and acrimonious litigation, the essential history of which will be found in Re Powel's Estate, 163 Pa. 349, and Powel's Estate, decided at the present term, 208 Pa. 505.   Its present aspect is that a fund being in court upon the fourth account of the assignee of an insolvent estate, the court appointed an auditor to hear the claims and report to the court a scheme of distribution.   Disputes having arisen, the petitioner claiming to be a creditor, presented to the court below charges of misconduct against the auditor asking for his discharge and demanding a trial in open court, whether by jury or otherwise does not clearly appear.   The court below having issued a rule to show cause why the prayer of the petition should not be granted, the auditor and the assignee filed answers and on the call of the case in its regular place on the list, the court discharged the rule. From this action we have now this attempt to get a review by mandamus.

It would be sufficient to say that the application is without precedent and wholly irregular.   There is no mandamus to a court what to decide.   If a court is evading its duty by refusing or neglecting to proceed, this court may command it to hear and determine the case, but what the decision shall be cannot be commanded beforehand or reviewed afterwards by mandamus. If an auditor is acting wrongly, whether by intention or mere error of judgment, the regular and proper remedy is by excep-

tion to his report on which the court can act in due and regular course. A motion to discharge the auditor for illegal conduct is exceptional, and is addressed to the discretion of the court in its inherent power of control over all its officers and their proceedings. Such motion is to be considered and determined in such manner as the court may deem best. It is not for a disappointed litigant by assertions of misconduct to raise what he chooses to call issues of fact and claim some form of trial that he wants. The proceeding is in rem on the distribution of a fund in court, and the court proceeds summarily under forms analogous to proceedings in equity. There is no right to a jury trial even in a common-law suit, except on the main issue joined between the parties. If a jury could be demanded on every minor and collateral issue which the parties might try to raise, the proceedings would become interminable. In Pennsylvania the right to a jury trial on collateral issues raised before an auditor in the distribution of a fund in court, depends entirely on statute, and is allowed only in certain specified cases, of which the present is not one.

The auditor filed a sworn answer denying all the charges made in the petition. To a court acquainted with the high personal and professional character of the auditor such denial was not necessary. But the court below took up the matter in its due and orderly course, and on the call of the case in its regular place on the list, the petitioner's counsel refused to proceed because his totally unwarranted demand for a particular mode of trial of what he called the issues, was refused. The court thereupon discharged the rule. If the petitioner lost any opportunity in its case by that action, it was its own fault in refusing to assert it in the only legal and permissible way.

The court subsequently heard the case on the merits of petitioner's complaint, on exceptions to the auditor's report, and decided that the auditor was right. On appeal this court has at the present term given the appellant a very full and patient hearing and unanimously affirmed the decree of the court below : In re Powel's Est., 208 Pa. 505.

Petition dismissed.